UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS,<br><br>Petitioner,<br><br>v.<br><br>SUZANNE PARTON,<br><br>Respondent. | CASE NO. 2:23-CV-37-JLR-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: February 17, 2023 |

    Petitioner Daniel Teklemariam Hagos filed a Declaration and Application to Proceed *In Forma Pauperis* and Written Consent for Payment of Costs ("Application"). Dkt. 1. The Court has reviewed the Application and the proposed petition and finds Petitioner's case is duplicative. Accordingly, the Court recommends the Application (Dkt. 1) be denied and this case be dismissed without prejudice.

    In this case, Petitioner challenges his King County Superior Court conviction under criminal docket noumber 19-1-04001-3. Dkt. 1-1. On November 23, 2022, Petitioner filed a separate habeas action in this Court also challenging his King County Superior Court conviction under criminal docket noumber 19-1-04001-3. *See Hagos v. State of Washington*, Case No. 2:22-

cv-1697-BHS-DWC. In cause number 2:22-cv-1697-BHS-DWC, the Court has provided Petitioner with an opportunity to amend his proposed petition.

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.* at 688. Thus, a district court may dismiss a habeas action that is clearly duplicative of a pending, earlier-filed habeas action. *E.g. Diaz v. Frauenheim*, 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020).

The Ninth Circuit has held that a later-filed habeas petition should generally be considered a motion to amend an earlier-filed pending habeas petition. *See Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008). Consistent with *Woods*, Petitioner is currently being allowed to amend his petition in cause number 2:22-cv-1697-BHS-DWC, the earlier-filed pending habeas petition. As noted above, now that Petitioner has been given an opportunity amend his petition and bring all his claims under cause number 2:22-cv-1697-BHS-DWC, the Court has discretion to dismiss this matter as duplicative. Therefore, the undersigned recommends the IFP Application (Dkt. 1) be denied and this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on February 17, 2023, as noted in the caption.

Dated this 30th day of January, 2023.

David W. Christel
United States Magistrate Judge